## SOUTHLAND COTTON OIL CO. et al. v. PRITCHETT et al.

No. 22932. Opinion Filed May 3, 1932.

Rehearing Denied May 24, 1932.

H. C. Thurman and Byrne A. Bowman, for petitioners.

Stanley D. Belden, for respondents.

PER CURIAM. On April 29, 1931, John Pritchett, as claimant, filed his first notice of injury and claim for compensation with the State Industrial Commission, wherein he claimed compensation against Southland Cotton Oil Company, respondent, and New York Indemnity Company, insurance carrier, on the account of personal injury received by reason of an accident which occurred on November 1, 1930. The respondent filed answer, the second paragraph of which reads as follows:

"The claimant was present in and around Yale, Okla., during the entire time of his alleged accident, and did not request medical attention of the Southland Cotton Oil Company and did not make a report of his alleged accident within 30 days as required by the Oklahoma Compensation Act."

The question of sufficiency of the notice of injury to the employer was thus raised by the respondents, and was a question to be determined and passed upon by the Industrial Commission at the hearing. On the 10th day of September, 1931, the State Industrial Commission made and entered its findings and order for compensation, in which it found:

"That, on the 1st day of November, 1930, the claimant was in the employment of the said respondent and was engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date sustained an accidental injury arising out of and in the course of his employment, consisting of an injury to the left hand.

"2. That the average daily wage of the claimant at the time of said accidental injury was $3.50 per day.

"3. That by reason of said injury the claimant was temporarily totally disabled from November 1, 1930, to December 17, 1930.

"4. That, as a result of aforementioned accidental injury claimant suffered permanent partial disability to the left hand, resulting in 50 per cent. loss of use of the left hand.

"The Commission is of the opinion, upon consideration of the foregoing facts, that claimant is entitled to temporary total compensation, at the rate of $13.46 per week, from November 1, 1930, to December 17, 1930, less the statutory five days' waiting period, being a period of six weeks and a total sum of $80.76.

"The Commission is of the opinion that claimant is entitled to permanent compensation for the 50 per cent. loss of use of the left hand in the amount of $1,364."

The claimant, John H. Prichett, respondent herein, has filed the following confession of error:

"Whereas, on the 10th day of September, 1931, the State Industrial Commission made a general finding in the above-entitled cause, but failed to make a specific finding as to the question of 'sufficiency of notice of injury to employer,' and said question having been raised by said petitioners in their answer, and in their brief as is set forth on page 20 of their brief filed herein. * * * Now therefore, respondents pray that said cause be remanded to the Commission for a specific finding on said question as raised by said petitioners herein."

In Pioneer Gas Utilities Co. v. Howard, de-

cided by this court in an opinion rendered January 26, 1932, and reported in 154 Okla. 239, 7 P. (2d) 435, this court held as follows:

"Where the failure to give written notice of an injury is made an issue in a proceeding for compensation under the Workmen's Compensation Law, and the employee offers proof that the employer had actual notice of the time, place, nature, and cause of the injury and seeks to excuse failure to give written notice upon that ground, and the employer denies notice, and offers proof that he did not have such actual notice of the injury, the State Industrial Commission must make a finding upon that issue, and, where the record shows such issue was presented to the Commission, and it has failed to make a finding of fact upon the same, this court will vacate the award and remand the cause to the Commission for a finding in accordance with the facts."

And in Oklahoma Railway Co. v. Banks, opinion filed February 2, 1932, and found in 155 Okla. 152, 8 P. (2d) 18, paragraphs 2 and 3 of the syllabus read as follows:

"When it appears that written notice has not been given as required by section 7292, C. O. S. 1921, the burden rests upon claimant to prove by competent evidence that for some sufficient reason notice could not have been given or that the insurance carrier or employer, as the case may be, has not been prejudiced thereby.

"Where the failure to give written notice of the injury is made an issue in the proceedings for compensation under the Workmen's Compensation Law, it is the duty of the State Industrial Commission to hear the evidence offered by the parties and make a finding in accordance with the facts, excusing the failure to give such notice in writing upon one or both of the grounds authorized by section 7292, C. O. S. 1921, or refuse to excuse such failure, as the facts may warrant."

For the reasons herein stated, the confession of error is well taken, the award is vacated, and this cause remanded to the State Industrial Commission to proceed consistently with the views herein expressed.