## JOHNSON et al. v. MILLER et al.

No. 23640. Opinion Filed Dec. 13, 1932.

Jas. C. Cheek and Frank E. Lee, for petitioners.

Embry, Johnson, Crowe & Tolbert, for respondents.

SWINDALL, J. This is an original proceeding to review an award of the State Industrial Commission. The facts are un-

disputed. On February 11, 1923, Ross E. Miller, an employee of E. G. Johnson, drilling contractor, received an accidental personal injury to his left eye, arising out of and in the course of his employment which resulted at that time in temporary total disability for a period of five weeks and a permanent partial loss of. the sight of said eye. On February 16, 1923, the employer filed with the State Industrial Commission employer's first notice of injury, which described how the accident occurred and the nature and extent of the injury. The employer stated that the employee "will probably lose the eye, and if not will probably see but very little out of that eye." The employer further stated that medical attention was provided within one and one-half hours after the accident, Dr. John R. Pollock being the attending physician. When Dr. Pollock discharged the claimant he wrote the New Amsterdam Casualty Company, Oklahoma City, Okla., in part as follows:

"I discharged Mr. Miller this morning and he should be able to resume work in about a week. While he has but little vision in his eye at present it is clearing rapidly and I think in a few weeks he will likely have 20 to 30 per cent. vision. Mr. Miller's eye looked hopeless for a few days. He feels very grateful for the treatment you have given him and informed me when he left this moring that he would be glad to settle for $750 (so I feel that our time and effort was well spent.)"

As far as the record shows, the claimant did not file a formal claim for compensation. On April 2, 1923, there was filed in the office of the State Industrial Commission and approved by it an award as follows:

"The State Industrial Commission hereby approves compensation settlement for the aggregate sum of $840 in the above-entitled cause, the same appearing to be in accordance with the provisions of the 'Workmen's Compensation Act of Oklahoma.'

"State Industrial Commission
"H. C. Myers, Chairman
"F. L. Roblin, Commissioner,
"Edgar Fenton, Commissioner."
"Attest:
"E. F. Riggins, Secretary."

The award so entered was paid the claimant. On March 12, 1932, claimant filed a motion to reopen case to determine further liability. A hearing was ordered and testimony taken. The evidence shows a change in the physical condition of the claimant since the date of the original award, and as a result of the original compensable in-

jury. The Commission so found and ordered compensation in accordance with his findings.

The employer and insurance carrier, as petitioners herein, urge but one proposition as grounds for vacation of the award.

It is the contention of the petitioners that, inasmuch as no claim for compensation or other instrument was ever filed with the Industrial Commission within one year following the date of the accident complained of on February 11, 1923, the Industrial Commission did not have or ever have jurisdiction to entertain the motion filed by the claimant in 1932 asking for compensation upon the ground of a change in conditions.

The claimant testified (Tr. 13) that he was paid the regular compensation of $18 per week for five weeks, and that $90 of the $840 was for that purpose; that he was paid the sum of $750 for the injury to his eye. This was not contradicted. The record shows that the first testimony was taken on the motion to reopen on March 30, 1932. At the close of the taking of testimony at this hearing, the respondents before the Industrial Commission, the petitioners here, moved the court to "dismiss the claimant's motion to reopen on the grounds that the original Commission's file in the case does not contain any kind or character of an agreement or settlement, or agreement as to the facts relating to this injury, executed or signed by the claimant, respondent, or insurance carrier; further, that the Commission's file in this case does not contain claimant's claim for compensation which is known as Commission's form 3; further, from the fact that the alleged injury sustained on February 11, 1923, some nine years ago, which, in the absence of any agreement on the part of the respondent, or insurance carrier, or claimant, that claimant's claim for compensation should be barred by the statute of limitations." This objection was overruled and exception allowed.

The procedure followed by the parties in procuring the award made by the State Industrial Commission for temporary total and permanent partial disability in the aggregate sum of $840 was not in strict accordance with the provisions of the Workmen's Compensation Law; however, it seemed to be fair, just, and speedy in disposing of the claim of the employee at that time and was satisfactory to all parties concerned. We do not feel that the procedure adopted by the parties in interest at that time to secure the award should prevent the employee from receiving compen-

sation for the loss of an eye where the undisputed testimony shows that there has been a change in the conditions of the claimant entitling him to full compensation for the loss of that member. The award was entered upon the settlement of the parties and as made by the Commission was paid by the insurance carrier. The parties thereby waived the failure of the claimant to file a claim for compensation within one year. Roberts v. Chas. Wolff Packing Co., 95 Kan. 723, 149 P. 413.

Award affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.