## VAUGHAN v. SHELL PIPE LINE. CORP. et al.

No. 33914.   Jan. 9, 1951.

Rehearing Denied Feb. 27, 1951.

*228 P. 2d 180.*

A. L. Commons and Jack C. Brown, Miami, for petitioner.

Geo. W. Cunningham and Jesse M. Davis, Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

CORN, J. Claimant, L. B. Vaughan, filed his first notice of injury and claim for compensation December 9, 1947, stating that while employed as an oiler by respondent Shell Pipe Line Corporation, he sustained an accidental injury arising out of and in the course of his employment on August 28, 1941, when he caught his right hand in a rag and struck his hand against the machinery sustaining the loss of use of his arm and other disability. On December 17, 1947, respondent filed an answer asserting the claim was barred under the provisions of 85 O.S. 1941 §43, and denied that respondent had made any payments in lieu of compensation within the meaning of section 43, supra. Respondent also raised the issue of failure to give the statutory written notice required by 85 O.S. 1941 §24.

A hearing was held at Miami, Oklahoma, February 3, 1948, and an order was entered denying an award solely on the ground that the claim was barred by section 43, supra. This proceeding is brought to review the order denying an award.

L. B. Vaughan, claimant, testified that he was employed as an oiler at the power house of respondent; that he was checking the oil in a pump when he struck his fist on a bearing injuring his right hand; that he reported the accident to the chief engineer at the plant two days after the accident. He stated he requested medical attention December 11, 1946, and respondent advised him to see a doctor and sent him to Dr. Margo in Oklahoma City where he was examined by Dr. Margo on December 11, 1946. He further stated that Dr. Margo never treated his hand but said this was not necessary. Claimant has lost no time on account of the accident and has worked continuously for respondent until some time in February, 1948, when he quit work voluntarily. During all this time he drew his regular wages.

Dr. Margo testified and in substance supports the testimony of claimant that no operation was ever performed on the hand. The doctor's testimony discloses that claimant has a disability to the hand due to the accidental injury and that the doctor advised claimant that he would not operate on the hand at the time of the examination. He did not operate, or advise an operation on the hand.

The sole issue is whether sending claimant to Dr. Margo on December 11, 1946, as above recited, constituted a payment in lieu of compensation under section 43, supra, which is as follows:

"The right to claim compensation under this Act shall be forever barred unless within one year after the injury a claim for compensation thereunder shall be filed with the commission. Provided, however, claims may be filed at any time within one year from the date of the last payment of any compensation or remuneration paid in lieu of compensation. . . ."

The question as to whether claim for compensation has been filed within the statutory period is a jurisdictional question which will be reviewed independently by the Supreme Court. Tulsa Hotel et al. v. Sparks et al., 200 Okla. 636, 198 P. 2d 652.

This court had considered a prior statute in Atlas Coal Co. v. Corrigan, 148 Okla. 36, 296 P. 963; Johnson v. Miller, 161 Okla. 31, 16 P. 2d 1083; and Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okla. 213, 23 P. 2d 381. In Atlas Coal Co. v. Corrigan, supra, it was held the furnishing by the employer to an employee of medical attention and hospitalization, and the payment to him during the continuance of a disability of sums equivalent to the amount of compensation to which he would be entitled under the provisions of the Workmen's Compensation Act, are, in the absence of evidence clearly showing a contrary intent, a waiver of the requirements of said section that a claim for compensation shall be filed with the State Industrial Commission within one year, and the filing of such claim after the expiration of one year and within one year after notice that payments will no longer be made for said injury is within time.

In Johnson v. Miller, supra, this court held:

"An employer and insurance carrier may waive the requirements of section 7301, C. O. S. 1921, that a claim for

compensation under the Workmen's Compensation Act be filed with the commission within one year after the injury."

In Oklahoma Furniture Mfg. Co. et al. v. Nolen et al., supra, it is stated:

"The right to claim compensation within the one year limitation, provided by section 7301, C. O. S. 1921 (St. 1931, sec. 13367), is tolled during the time when an employer voluntarily furnishes such employee medical attention to which he is entitled under the Workmen's Compensation Law."

Subsequent to the opinion in Oklahoma Furniture Mfg. Co. et al. v. Nolen et al., supra, the statute was amended to include the proviso so that now an injured employee has the statutory right to file a claim within one year after the payment in lieu of compensation.

Claimant and respondent both cite cases defining what constitutes medical treatment. They are McMurtry Bros. v. Angelo, 139 Okla. 236, 281 P. 964; Roe v. Jones & Spicer, Inc., et al., 196 Okla. 582, 167 P. 2d 70; Thompson v. Swenson Const. Co., 158 Kan. 49, 145 P. 2d 166; Lutman v. American Shoe Mach. Co. (Mo.) 151 S. W. 2d 701; and 63 C.J. p. 852. We think that we can concede that what Dr. Margo did was medical treatment. The question still remains, was such medical treatment *payment in lieu of compensation* within the statute? In Denver Producing & Refining Co. et al. v. Holding et al., 199 Okla. 418, 186 P. 2d 815, it is stated:

"In order to toll the statute of limitations (under 85 O.S. 1941 §43) by the employer furnishing medical attention, it must be established that such medical attention was voluntarily furnished."

In the opinion it is stated:

"The instant case does not come within that exception. If the treatment of claimant had been continuous from the time he was sent by his employer to Dr. Fleetwood, an entirely different question would be presented. In Roe v. Jones & Spicer, Inc., supra, we said:

" ' . . . the payment of compensation or the furnishing of protracted medical attention are a conscious recognition of liability by the employer that tolls the filing period. . . .' "

In Domestic Laundry & Dry Cleaning Co. et al. v. Weston et al., 200 Okla. 13, 190 P. 2d 460, it is stated:

"The evidence shows without dispute that petitioner, Domestic Laundry & Dry Cleaning Company voluntarily and continuously furnished respondent with medical attention from the date the injury occurred until November, 1945. The claim was filed February 4, 1946. It was therefore filed in time."

In Pacific Employers Ins. Co. v. Industrial Accident Commission, 66 Cal. A. 376, 152 P. 2d 501, the court in discussing their statute of limitations on the filing of claims similar to our statute stated:

" . . . The objective policy of this portion of the Code is the protection of the injured employee from being lulled into a sense of security by voluntary payments of benefits until the time to commence formal proceedings with the commission has expired. . . ."

We do not think the objective of the statute in this state was to extend the payment in lieu of compensation to include the medical treatment offered by respondent and received by claimant five years and four months after the accidental injury, where he had, during all this time, been regularly employed and paid and had made no claim for compensation or demand for medical treatment.

The order denying the award is sustained.

WELCH, GIBSON, HALLEY, and O'-NEAL, JJ., concur. ARNOLD, C.J., LUTTRELL, V.C.J., and DAVISON, J., concur in conclusion. JOHNSON, J., dissents.