S. W. ANTHONY ESTATE et al. v. YOUNG et al.

No. 35569.     March 31, 1953.

*255 P. 2d 496.*

Covington & Donovan, Tulsa, for petitioners.

Streeter Speakman, Jr., Sapulpa, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, J.  On the 28th day of May, 1951, Oat Young, hereinafter called claimant, filed his first notice of injury and claim for compensation, stating that on March 17, 1950, while employed as an oil field roustabout, he sustained an accidental injury arising out of and in the course of his employment with S. W. Anthony Estate, employer, when he was struck on the head by a falling piece of machinery. At the conclusion of a hearing conducted to determine the cause and extent of disability, claimant was given 15 per cent permanent disability. Petitioners concede that there is sufficient medical testimony to sustain the finding of accidental injury and resulting disability, but raise two questions to review this reward.

It is first contended that the claim is barred by 85 O.S. 1951 §43, for the reason that it was not filed within one year after the accidental injury or compensation paid in lieu thereof.

85 O.S. 1951 §43 provides, in part, as follows:

"The right to claim compensation under this Act shall be forever barred unless within one (1) year after the injury or death a claim for compensation thereunder shall be filed with the Commission. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation."

We have held under this section that claims are barred when not filed within the provisions thereof. Vaughan v. Shell Pipe Line Corp., 204 Okla. 175, 228 P. 2d 180; Denver Producing & Refining Co. v. Holding, 199 Okla. 418, 186 P. 2d 815. On the other hand, we have held that the statute is tolled by the furnishing of medical attention. Wilcox Oil Co. v. Fuqua et al., 203 Okla. 391, 224 P. 2d 255; Domestic Laundry & Dry

290

Cleaning Co. v. Weston, 200 Okla. 13, 190 P. 2d 460.

Claimant contends that a claim was filed within one year after the date upon which medical attention was last furnished by his employer and that the claim was timely filed.

The question is, then, do the facts and circumstances sustain the contention that there was sufficient timely medical attention given claimant to toll the statute. We think they do. Claimant testified that on the 17th day of March, 1950, he was pulling tubing to be used on a well and went into the doghouse to get a drink of water and that a heavy valve on a shelf dropped on his head. This valve weighed approximately six pounds. He worked the following day which was Saturday. He was off for a few days, and on the 21st day of March, 1950, he was sent by his employer to Dr. Curry. He was seen thereafter by Dr. Curry on March 27, 1950, April 18, 19, 1950, and on May 6, 11, 20, and 25, 1950. Claimant continued to work for his employer. The evidence is in dispute as to when Dr. Curry first released respondent from further treatment. Dr. Curry testified that he released claimant on May 25, 1950, while respondent testified that the date of release was May 28, 1950. However, under the law governing this opinion, this discrepancy in fact is immaterial.

Claimant testified that in the early part of 1951 his "head kept getting worse, got to hurting at night." That his head hurt him when "I got out of bed, or hurt when I got in bed." That on April 14, 1951, and again on April 28, 1951, he (claimant) went to Dr. Curry for further treatment. That Dr. Curry took some X-ray pictures and recommended that claimant have a spinal test for a blood test. Claimant did not want to take the spinal block for the reason other doctors had stated that his blood was pure.

Dr. Curry made a report to the petitioner insurance company based on these later visits and determined from the X-rays that the claimant had no disability. This report constitutes a portion of petitioners' evidence in the present record. Petitioners contend that these later examinations, treatments, recommendations and report of Dr. Curry were insufficient to toll the statute because claimant failed to prove that the April, 1951, consultations were with the approval of the petitioners.

We find that the continued medical treatment received by claimant in April, 1951, was sufficient to toll the statute.

It is finally contended that since the petitioners raised the issue before the State Industrial Commission of the bar of the statute of limitations under the above section set out and quoted, it was the mandatory duty of the State Industrial Commission to make a specific finding that it had jurisidiction and that the claim was not barred before proceeding to enter an award. We do not agree. Petitioners have cited a number of cases, among them, Nuway Laundry Co. v. Trice, 182 Okla. 518, 78 P. 2d 706; Southland Cotton Oil Co. v. Pritchett, 157 Okla. 264, 11 P. 2d 486, and related cases. These cases involve the failure to give the statutory written notice provided by 85 O. S. 1951 §24, and the failure of the State Industrial Commission to make a finding excusing the giving of such written notice. They are not in point in the case under consideration. We have found no case in point which has considered the failure of the State Industrial Commission to make a specific finding on the jurisdictional question of whether or not a claim has been barred by the one year statute. This is a jurisdictional question and as such will be reviewed by this court. Roe v. Jones & Spicer, Inc., 196 Okla. 582, 167 P. 2d 70. Where the State Industrial Commission makes or denies an award and on appeal the issue is presented to this court, it is necessary for this court to make an independent finding on this issue. The statute does not require the State Industrial Commission to make a specific

finding thereon. We, therefore, hold that it is not necessary for the State Industrial Commission to make a specific finding as to whether the claim was barred.

Award sustained.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, CORN, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.