**BETHLEHEM SUPPLY COMPANY,**
Own Risk, Petitioner,

v.

**Claude V. ARMBRISTER and the State**
**Industrial Commission,**
**Respondents.**
No. 37540.

Supreme Court of Oklahoma.
Oct. 8, 1957.

Doerner, Rinehart & Stuart, Tulsa, for petitioner.

H. Tom Kight, Claremore, Looney, Watts, Looney & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

On the 6th day of February, 1954, Claude V. Armbrister, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on November 8, 1952, while employed as a maintenance helper with Bethlehem Supply Company, he sustained an accidental injury arising out of and in the course of his employment, when he strained his back. An award was made by the State Industrial Commission and this proceeding is brought by Bethlehem Supply Company, own risk, hereinafter called petitioner, to review the award. The cause and extent of disability are not issues.

The evidence discloses that on November 8, 1952, claimant sustained an accidental injury to his back while repairing machinery; that following the accidental injury he reported to Dr. C at the clinic and was given hot packs and medication. He returned for treatment the last time on January 9, 1953. Claimant stated that he was told by the clerk at the clinic that Dr. C said not to give him any more treatment and to stop the medication. Claimant also testified that he took the medicine given him until March 15, 1953. On July 15, 1953, he was sent to Dr. M, by the petitioner, and, on that date, was examined. The report of this examination is in the record and shows that, in the opinion of Dr. M, claimant has no disability as the result of the accidental injury of November 8, 1952. Although Dr. C filed a report of an examination made by him in November, 1954, he made no report of his examination and treatment following the accidental injury of November 8, 1952.

Petitioner raises the single issue that the claim is barred by Tit. 85 O.S.1951 § 43. It argues that the taking of the medicine until March 15, 1953, did not toll the statute and that sending claimant to Dr. M for examination alone is not medical attention which tolled the statute.

In Wilcox Oil Co. v. Fuqua, 203 Okl. 391, 224 P.2d 255, we held that reporting to a doctor, who was giving treatment to a claimant for the purpose of determining whether or not further treatment should be given, tolled the statute.

In Domestic Laundry & Dry Cleaning Co. v. Weston, 200 Okl. 13, 190 P.2d 460, it was held that where the evidence shows, with-

out dispute, that the employer furnished claimant with medical attention from the date of the injury to a fixed date, and the claim was filed within one year thereafter, it was within time, under the provisions of Tit. 85 O.S.1941 § 43, the statute then in question.

In S. W. Anthony Estate v. Young, 208 Okl. 289, 255 P.2d 496, 498, claimant was sent to Dr. Curry by the employer. Dr. Curry testified that he released claimant May 25, 1950, while claimant testified that the release was May 28, 1950. The court stated:

"* * * However, under the law governing this opinion, this discrepancy in fact is immaterial.

"Claimant testified that in the early part of 1951 his 'head kept getting worse, got to hurting at night.' That his head hurt him when 'I got out of bed, or hurt when I got in bed.' That on April 14, 1951, and again on April 28, 1951, he (claimant) went to Dr. Curry for further treatment. That Dr. Curry took some x-ray pictures and recommended that claimant have a spinal test for a blood test. Claimant did not want to take the spinal block for the reason other doctors had stated that his blood was pure.

"Dr. Curry made a report to the petitioner insurance company based on these later visits and determined from the x-rays that the claimant had no disability. This report constitutes a portion of petitioners' evidence in the present record. Petitioners contend that these later examinations, treatments, recommendations and report of Dr. Curry were insufficient to toll the statute because claimant failed to prove that the April, 1951, consultations were with the approval of the petitioners.

"We find that the continued medical treatment received by claimant in April, 1951, was sufficient to toll the statute."

Under the rule announced in Domestic Laundry & Dry Cleaning Co. v. Weston, supra, claimant was given medical attention on July 15, 1953, and under the rule announced in S. W. Anthony Estate v. Young, supra, we may assume that Dr. C released claimant on January 9, 1953. The furnishing of medical attention thereafter on July 15, 1953, was sufficient to toll the statute. Since the claim was filed on February 6, 1954, it was filed within one year after the furnishing of medical attention on July 15, 1953.

Petitioner cites and relies on Vaughan v. Shell Pipe Line Corp., 204 Okl. 175, 228 P.2d 180. Therein it was held that since more than five years elapsed before claimant requested medical attention, the medical attention was not voluntary and continuous. In this connection, see the discussion in Denver Producing & Refining Co. v. Holding, 199 Okl. 418, 186 P.2d 815. In this case, there is no question but that the medical attention of July 15, 1953, was furnished at the direction of the employer.

Award sustained.