**427**

Richard F. BAGWELL, Petitioner,

v.

TYLER AND SIMPSON COMPANY, State Insurance Fund, Lumbermens Mutual Casualty Company and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 36720.

Supreme Court of Oklahoma.

Nov. 12, 1957.

Rollie D. Thedford, Mike Tapp, Charles D. Crandall, Oklahoma City, for petitioner.

Pierce, Mock & Duncan, George F. Short, Mont R. Powell, Oklahoma City, Mary Elizabeth Cox, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

## 428

JOHNSON, Justice.

On March 11, 1954, Richard F. Bagwell, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on September 10, 1953, while employed as a truck driver for Tyler and Simpson Company, he sustained an accidental injury arising out of and in the course of his employment when he suffered a hernia. The State Industrial Commission denied an award. This proceeding is brought by claimant to review the order denying the award.

After the claim of March 11, 1954, was filed, claimant filed a motion to re-open under date of March 27, 1954, in part as follows:

"That while in the employ of the respondent, he sustained an accidental injury on April 6, 1949, when a case of canned goods fell off a stack on to his stomach. That subsequently he was operated on and returned to work for the same employer; that about a year later while lifting 100 pound bags of sugar, the hernia broke and tore open again; that he was operated on the second time by the same surgeon and that subsequent thereto he returned to light work and about one year later while lifting kegs of nails, the hernia broke and tore open again in identically the same place. That he was operated on the third time after which time he returned to light work for the same employer. That about 1953, while unloading 100 pound bags of sugar, claimant felt his side give way again; that he was placed on light work until February 1, 1954. That he was paid for compensation for 14 weeks for each of the three operations. That claimant now has a change of condition for the worse by a recurring hernia which renders him totally disabled for the performance of ordinary manual labor and has been advised by the doctors that further surgery is inadvisable.

"Wherefore, claimant prays that this cause be re-opened, set for hearing and upon hearing hereof, he be awarded compensation for total disability."

On April 21, 1954, the Lumbermens Mutual Casualty Company filed the following answer:

"Comes now the respondent, Tyler & Simpson, and the insurance carrier, Lumbermens Mutual Casualty Company, and for their amended answer to the claim filed herein, deny generally and specially each and every allegation therein contained.

"Respondent specifically denies that the claimant received an accidental injury in the course of and arising out of his employment on March 16, 1950. However, the respondent does admit that the claimant received an injury which resulted in a hernia on February 16, 1950; that a claim was filed before the State Industrial Commission of the State of Oklahoma, case No. C–8819, and same was settled by joint petition on June 12, 1950.

"The respondent further alleges and states that claimant has failed to file his Form 3 or claim for compensation within the time as prescribed by law, and that said claim is therefore barred by the statute of limitations."

The order of the Commission is in part as follows:

"That on April 6th, 1949, claimant sustained a hernia while employed by Tyler & Simpson Company, for which he was paid 14 weeks compensation and furnished an operation for same by the State Insurance Fund.

"That on February 16th, 1950, claimant had a recurrent hernia while employed by Tyler and Simpson, for which he was paid $400.00 on a Joint Petition by the Lumbermens Mutual Casualty Company.

"The Lumbermens Mutual Insurance Company paid for the third hernia sustained by claimant.

"That the hernia of September 10th, 1953, was a recurrence of the hernia of 1949, and that the State Insurance

Fund has been prejudiced by failure of claimant to give notice of such recurrence and additional operations for a period of about four years, therefore any claim that claimant might have had against the State Insurance Fund is denied.

"That the Lumbermens Mutual is not liable for the recurrent hernia of 1953 by reason of having settled the 1950 recurrent hernia on a Joint Petition Settlement."

The record discloses that claimant sustained a hernia on the 6th day of April, 1949, for which he was paid fourteen weeks and furnished an operation; that thereafter he sustained a recurrent hernia on February 6, 1950. Compensation for this hernia was settled on joint petition filed June 12, 1950, in which payment was made for all of the expenses of the operation of the hernia and $400 in addition thereto for claimant. The record further discloses that claimant sustained a hernia for which an operation was performed on July 14, 1952. There is now a hernia in the same place or scar in which all of the hernias formerly appeared. The first hernia was referred to as an indirect inguinal hernia. The hernias of 1950 and 1952 are referred to as direct hernias. There is substantial evidence that the three subsequent hernias are recurrent hernias. There is also evidence that the second hernia is a recurrence of the first hernia.

At the time of the first hernia, the employer was insured by the State Insurance Fund. At the time of each subsequent hernia insurer was Lumbermens Mutual Casualty Insurance Company. At the hearings it was stated that the sole issue was which insurer was liable.

The evidence further reflects that the employer and the second insurer paid for the hernias of 1950 and 1952. There has been no payment for the present hernia. No claim was ever filed for the hernia of July 12, 1952.

■ Claimant first argues that the State Industrial Commission erred in finding that the hernia of September, 1953, was a recurrence of the hernia of 1949. There is competent evidence to sustain this finding. This finding will be discussed in the third assignment of error, that is, that the Commission erred in finding that the hernia of September, 1953, was a recurrence of the hernia of 1950. In this respect two arguments are made. First, it is asserted that even if the hernia of 1953 was a recurrence of the 1950 hernia the Lumbermens Mutual Casualty Insurance Company was liable because it made payment to the claimant for the 1952 hernia. We do not agree. Johnson v. Miller, 161 Okl. 31, 16 P.2d 1083 cited by claimant is not in point. No claim was ever filed for the 1952 hernia, and it is not claimed that any change of condition resulted from the 1952 hernia.

■ In the second proposition it is argued that the employer is liable for the recurrence of the 1950 hernia even though the insurer is not. Again, we do not agree. The joint petition settlement of June 12, 1950, covered the liablility of the employer and is a full and complete settlement of all liability by reason of the hernia of February, 1950.

■ Claimant also argues the State Industrial Commission erred in its finding as to the State Insurance Fund. In this we are inclined to agree. However, the error in the finding is harmless. When the State Industrial Commission found that the hernia of 1953 was a recurrence of the hernia of 1950, the joint petition settlement released the employer and in effect found that the 1950 hernia was a recurrence of the hernia sustained in 1949. The joint petition released the employer and each insurer under these circumstances.

■ Finally, it is argued that the State Industrial Commission erred in refusing to find that claimant was totally and permanently disabled. There was no error in this respect. It is only necessary to make a finding as to the degree of disability if there is a liability for which an award is issued. Since there is no liability of either the employer or either insurance carrier

**430**

and no award could be based upon such finding, there was no necessity of making a finding fixing the degree of disability.

In Souder v. Mid-Continent Petroleum Corporation, 187 Okl. 698, 105 P.2d 750, in sustaining an order denying an award this court stated:

"The order of the State Industrial Commission in a cause properly before it, based on its finding as to the cause of disability arising from an accidental injury, will be sustained when there is any competent evidence reasonably tending to support such finding."

Order denying the award sustained.

CORN, V. C. J., and HALLEY, WILLIAMS, BLACKBIRD, and JACKSON, JJ., concur.