Janice LAWSON, Appellant,

v.

WAL–MART STORES, INC.; Richard H. Campbell, Administrative Law Judge; and Workers' Compensation Board, Appellees,

and

Bryant Keith Potter, Appellant,

v.

Toyota Motor Manufacturing, Kentucky, Inc.; John B. Coleman, Administrative Law Judge; Robert L. Whittaker, Director of Special Fund; and Workers' Compensation Board, Appellees.

Nos. 2000–CA–002322–WC,
2000–CA–002598–WC.

Court of Appeals of Kentucky.

Sept. 7, 2001.

John E. Anderson, Cole, Cole & Anderson, P.S.C., Barbourville, KY, for Appellant.

Frank M. Jenkins, III, Lexington, KY, for Appellant.

Walter A. Ward, Clark, Ward & Cave, Lexington, KY, for Appellee Wal–Mart Stores, Inc.

H. Douglas Jones, Kenneth J. Dietz, H. Douglas Jones & Assoc., P.L.L.C., Florence, KY, for Appellee Toyota Manufacturing, Kentucky, Inc.

Joel D. Zakem, Frankfort, KY, for Appellee Special Fund.

Before DYCHE, HUDDLESTON and McANULTY, Judges.

*OPINION*

HUDDLESTON, Judge.

These workers' compensation appeals present a common issue of law: whether the payment of temporary disability benefits, subsequent to the running of the original two-year period to file a claim after the date of an injury, serves to revive a claim and give a claimant two years from the date of the last payment of temporary benefits to file a claim, pursuant to Kentucky Revised Statute (KRS) 342.185(1).

*APPEAL NO. 2000–CA–002322–MR*

Janice Lawson began her employment at Wal–Mart in 1980. While working in the position of layaway manager, Lawson injured her back on August 3, 1994, lifting a CD player. In addition to her back pain, Lawson eventually developed pain in her legs as a result of her injury. After taking a few days off, Lawson returned to her regular job duties until July 1997, when she began to experience pain in her right arm. Again Lawson was off work until September 24, 1997. She returned to Wal–Mart and worked until July 2, 1998, when she had to quit due to pain in her low back and right leg. Wal–Mart paid Lawson temporary total disability (TTD) benefits for her right arm ailment from July 22, 1997, through December 24, 1997. Lawson was also paid TTD benefits during the time she was treated surgically for her low back symptoms and thereafter from July 8, 1998, through December 28, 1998. Lawson filed an Application for Resolution of Injury Claim on March 18, 1999.

The Administrative Law Judge determined that Lawson was totally and permanently occupationally disabled, a condition that resulted from the combined effects of her 1994 low back injury and her right arm condition from 1997. The ALJ attributed 70% of the permanent impairment to Lawson's 1994 injury and 30% to her 1997 injury. Although Wal–Mart argued that Lawson did not timely file her claim, the ALJ determined that the voluntary payments of TTD by Wal–Mart in 1998 revived her claim and gave Lawson two years from the date of the last payment to file her claim.

The Board reversed, holding that the voluntary payment of benefits outside of the two-year period for prosecution of a workers' compensation claim could never revive a claimant's right to file a claim once the right to bring a claim has been "legally extinguished." Because Lawson did not file her claim within two years of her original injury, the Board held that her claim was time barred.

*APPEAL NO. 2000–CA–002598–WC*

In Bryan Keith Potter's claim, the Workers' Compensation Board reversed an Administrative Law Judge's award and held that Potter failed to timely apply for benefits within two years of his work-related injury pursuant to KRS 342.185(1).

Potter, while employed by Toyota Motor Manufacturing as an assembly worker, sustained a low back injury on September 1, 1992. Potter, however, continued to work until May 1995, when he was forced to cease working because of the worsening of his injury. Toyota paid TTD payments to Potter from May 1995 to October 1997. Potter returned to work in June 1997. He suffered a second injury on July 15, 1997. Potter continued to work until mid 1998. On June 14, 1999, Potter filed a claim for workers' compensation benefits.

The ALJ determined that Potter was 30% occupationally disabled and awarded him benefits payable for a period not to exceed 425 weeks. Benefits for the first 212.5 weeks were to be paid by Toyota with the remaining benefits to be paid by the Special Fund.

The Board agreed with Toyota and the Special Fund that the voluntary payment of temporary/total benefits which began more than two years following Potter's 1992 injury did not extend the time for filing a claim resulting from that injury.

\* \* \* \* \*

The time period within which a claimant must file a claim for workers' compensation benefits is found in KRS 342.185(1). The statute provides that:

[N]o proceeding under this chapter for compensation for an injury or death shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable after the happening thereof and unless an application for adjustment of claim for compensation with respect to the injury shall have been made with the department within two (2) years after the date of the accident, or in case of death, within two (2) years after the death, whether or not a claim has been made by the employee himself for compensation.... If payments of income benefits have been made, the filing of an application for adjustment of claim with the department within the period shall not be required, but shall become requisite within two (2) years following the suspension of payments or within two (2) years of the date of the accident, whichever is later.

The ALJ found in both cases that the claimants timely filed their injury claims because the claims were made within two years of the termination of their TTD benefits, the payment of which had effectively revived Potter's and Lawson's claims.

In each case the Board reversed holding that Potter and Lawson were required to file their claims within two years of their initial injuries, which both failed to do. Further, in Potter's case, the Board reiterated the ALJ's finding that Potter's 1997 injury was a mere exacerbation of his 1992 injury. Because the latter injury merely aggravated the former injury, the Board held that the latter injury could not extend the limitations period for the 1992 injury claim. Finally, the Board held that once the limitations period expired on the former injury, the injured employee's claim was forever barred and could not be revived by subsequent TTD payments.

The common issue presented in these appeals is whether after the limitations period has run for a claim the payment of TTD benefits revives the claim as to allow an extension of the period for filing the claim. In other words, does a claimant have two years after the last voluntary payment of TTD benefits by an employer to file a claim if the limitations period has run on the original injury?

Although there are no Kentucky cases directly on point, we have been directed to a number of sources that lend support to the proposition that the voluntary payment of benefits subsequent to the running of the filing period for an original injury does not extend the filing period for a claimant. As the Supreme Court said in *Newberg v. Hudson*:[1] "While statutes of limitation protect employers from the problems associated with litigating stale claims, the statutory exception recognizes that a worker may be lulled into a false sense of security by voluntary payments and might fail to actively pursue a claim."[2] Therefore, the rationale behind KRS 342.185(1), which provides that if TTD payments have been made the claimant has two years from the last payment to file the claim, is to prevent an employer from paying TTD for two years and lulling the claimant into believing that the claimant need not file a claim. As the Board has pointed out, this rationale no longer exists if the original time period for filing a claim has passed.

The courts of several sister states agree with the Board's rationale.[3] These courts

1. Ky., 838 S.W.2d 384 (1992).

2. *Id.* at 387.

3. *See B.F. Goodrich Co. v. Parker*, 282 Ala. 151, 209 So.2d 647 (1967); *Hodges v. State Road Dep't*, 171 So.2d 523 (Fla.1965); *Brister v. Wray Dickinson Co.*, 183 La. 562, 164 So. 415 (1935); *Riccioni v. American Cyanamid*

reason that the rationale for allowing an extension of time if voluntary disability benefits are paid is to prevent the worker from being lulled into a sense that the worker does not need to file a claim while the payments are made [4] and that the failure to file within the statutory period renders the worker's claim "forever barred." [5] Further, Professor Larson has noted that

> voluntary payment leads the claimant to refrain from making claim and renders the delay reasonable. When the policy or purpose disappears, it may be doubted whether the waiver can survive. Thus, if the voluntary payment of compensation is made for the first time after the entire claim period has run, it cannot be accused of influencing the claimant as a reasonable person to withhold making claim. Therefore, just as actual knowledge acquired for the first time after the notice period has run is not a waiver of statutory notice, so voluntary payment or promise of compensation made only after the claim period had expired has been held ineffectual to waive the statutory bar.[6]

We find the rationale of the Board, Professor Larson and our sister states persuasive. Once the time period within which a potential claimant may file a claim has expired, the claim is "forever barred." Because no benefits were paid either to Potter or Lawson within the two years after each respective claimant's accident, it cannot be contended that Potter and Lawson were "lulled" into believing that they did not need to file their claims within the two years following their accidents, as required by KRS 342.185(1).

"The function of further review of the [Board] in the Court of Appeals is to correct the Board only where the [ ] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." [7] The Board did not err in its analysis of KRS 342.185(1).

Because neither Lawson nor Potter filed a claim within two years following their initial injury, and because no voluntary TTD payments were made within the two years, the claims are barred by the two-year statutory time limit, and the voluntary payment of TTD after the running of the statute did nothing to revive the claims. Therefore, both Board decisions are affirmed.

ALL CONCUR.

---

Co., 23 N.J.Super. 465, 93 A.2d 60 (1952); *Vaughan v. Shell Pipe Line Corp.*, 204 Okla. 175, 228 P.2d 180 (1951).

4. *See, e.g., Vaughan, supra*, n. 3, at 182.

5. *See, e.g., Brister, supra*, n. 3, at 416.

6. ARTHUR LARSON, LARSON'S WORKERS' COMPENSATION § 78.70 (Desk ed. 1998) (citations omitted).

7. *Western Baptist Hosp. v. Kelly*, Ky., 827 S.W.2d 685, 687–88 (1992).