INTERNATIONAL SUPPLY CO.
et al. v. MORRELL et al.

No. 29392. May 7, 1940.

Rehearing Denied May 28, 1940.

102 P. 2d 846.

Everett Petry, of Tulsa, for petitioners.

B. A. Hamilton, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by the International Supply Company, a corporation, and its insurance carrier, National Mutual Casualty Company, hereinafter called petitioners, to review an award for temporary total disability made to DeRay Morrell, hereinafter called respondent.

On the 3rd day of June, 1937, the respondent sustained an accidental injury when a heavy bolt fell 22 feet striking him on the head. On the 7th day of June, 1937, the employer filed its Form 2 first notice of injury with the State Industrial Commission reporting said accident. On the 24th day of March, 1939, the respondent filed his Form 6 first notice of injury and claim for compensation, and thereafter, on the 28th day of Juy, 1939, the full commission entered the present award for total temporary disability which petitioners seek to review.

The record discloses that the respondent was struck on the head in the region of the ear on June 3, 1937, while employed as a laborer. He was loading pig iron when a bolt three inches thick and 26 inches long fell from the second floor of a building striking his head as above stated. He quit work immediately and received medical treatment from physicians supplied by his employer. He returned to work shortly after the accident, and apparently it was thought by all of the parties that he would recover without permanent ill effect. He became worried about his condition and kept seeking medical advice, convinced that he was seriously injured. He still has this conviction, according to the testimony of three medical expert witnesses. He quit work several weeks before the filing of his claim, and his physician says he is not able to do manual labor. When respondent concluded that he was not going to get well, he

sought his own medical advice, and thereupon filed his claim on March 24, 1939.

The award was made after several qualified expert medical witnesses testified for both petitioners and respondent. The evidence is in irreconcilable conflict. Dr. Childs, a witness for the respondent, testified that in his opinion the disability developed after the injury, but refused to fix any definite time at which it developed. He stated that it is a serious injury resulting in traumatic neurosis. The testimony of Dr. Hoover and Dr. Smith likewise supports a theory of a neurosis, although they declined to fix it as a result of the accidental injury.

It is first contended that the State Industrial Commission was without jurisdiction to enter an award for the reason that the same was barred by the limitations stated in section 13367, O. S. 1931, as amended by S. L. 1933, chap. 29, 85 Okla. St. Ann. § 43. We cannot agree with this contention. In Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okla. 213, 23 P. 2d 381, it is stated:

"The right to claim compensation within the one-year limitation, provided by section 7301, C.O.S. 1921 (St. 1931, sec. 13367), is tolled during the time when an employer voluntarily furnishes such employee medical attention to which he is entitled under the Workmen's Compensation Law."

Respondent also urges that from the testimony of expert witnesses the State Industrial Commission was justified in finding that the disability did not develop until some time after the injury, and that therefore the case comes within the rule announced in Bartlett-Collins Co. v. Roach, 180 Okla. 521, 71 P. 2d 489, wherein the court held:

"Under the provisions of the Workmen's Compensation Law (St. 1931, sec. 13348 et seq., as amended, 85 Okla. St. Ann. § 1 et seq.) a disability naturally resulting from an accidental injury arising out of and in the course of employment is a compensable injury and the statutes of limitation provided in section 13367, O. S. 1931 (as amended, 85 Okla. St. Ann. § 43), would not begin to run until the disability arising from such accidental injury becomes apparent."

See, also, Swift & Co. v. State Industrial Commission, 161 Okla. 132, 17 P. 2d 435.

However, we are of the opinion that the most important factor in the determination of the jurisdiction of the State Industrial Commission is to be found in the fact that it is undisputed that on June 7, 1937, within four days after the accidental injury, the employer caused to be filed Form 2 notice of injury with the Industrial Commission. Under the rule announced in Sinclair Prairie Oil Co. v. Smith, 168 Okla. 483, 34 P. 2d 248; Atlas Coal Co. v. Corrigan, 148 Okla. 36, 296 P. 963; Steffens Ice Cream Co. v. Jarvis, 132 Okla. 300, 270 P. 1103; McCawley v. Crane, 184 Okla. 64, 85 P. 2d 423, the filing of such notice and furnishing of medical aid authorized the State Industrial Commission thereafter to determine the cause and extent of the disability, and the jurisdiction of the State Industrial Commission was thereby fixed. As said in Sinclair Prairie Oil Co. v. Smith, supra:

"There is no particular form of pleading required to give the State Industrial Commission jurisdiction to hear and determine a claim for compensation. Anything filed with the Industrial Commission that challenges its attention, causes it to act, is sufficient to put in motion the process of the Industrial Commission to see that compensation is paid to injured employees. * * *

"When employer's first notice of injury has been filed with the State Industrial Commission and wages paid in lieu of compensation, the jurisdiction of the commission is sufficiently invoked and continues until final disposition of the cause has been made by the commission."

Although no wages were paid in lieu of compensation, it is not disputed that medical aid was furnished up until June 29, 1937, and respondent testified that he was treated long after this date by physicians furnished by petitioner.

As was pointed out in McCawley v. Crane, supra, the employer had the right to demand determination of the extent of disability at any time after the filing of the Form 2 notice on June 7, 1937, and if it delayed the proceeding for the determination of that question, it could not complain of the delay. We are of the opinion, and hold, that the claim was not barred by the provisions of section 13367, supra, as amended.

Finally, it is contended that there is no evidence justifying the finding that the disability is a result of the accidental injury. Dr. Childs testified that in his opinion the disability was the result of the accidental injury of June 3, 1937. There is also evidence above referred to of Dr. Hoover and Dr. Smith, which tends to support rather than to disaffirm the fact that respondent is suffering from traumatic neurosis. This court has many times held that the cause and extent of the disability resulting from an accidental injury is a question of fact to be determined by the State Industrial Commission, and if there is competent evidence reasonably tending to sustain the finding, an award based thereon will not be disturbed on review. Cameron Coal Co. v. Dunn, 85 Okla. 219, 205 P. 503; Southern Ice & Utilities Co. v. Barra, 178 Okla. 291, 62 P. 2d 988; Superior Oil Co. v. Swimmer, 177 Okla. 396, 60 P. 2d 734; Pure Oil Co. v. State Industrial Commission, 182 Okla. 286, 77 P. 2d 81; Oklahoma Portland Cement Co. v. Smith, 181 Okla. 313, 73 P. 2d 446; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847. As was said in Standard Roofing & Material Co. v. Mosley, supra, the State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser.

Award sustained.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, HURST, and DANNER, JJ., concur.