DENVER PRODUCING & REFINING CO. et al. v. HOLDING et al.

No. 32734. Nov. 18, 1947.

*186 P. 2d 815.*

Clayton B. Pierce and Fred M. Mock, both of Oklahoma City, for petitioners.

Hatcher & Hatcher and Baxter Taylor, all of Oklahoma City, for respondents.

BAYLESS, J. This is an original proceeding in this court to review an award made by the State Industrial Commission in favor of Loren Holding against Denver Producing & Refining Company and the Massachusetts Bonding & Insurance Company. Claimant, an employee of Denver Producing & Refining Company, received an injury to his left knee on December 24, 1944. He was sent to Dr. Fleetwood for treatment by his employer on the following day. Thereafter he was treated by Dr. Fleetwood on December 26, 27, and 28, 1944, January 4, 29, and February 3, 1945. He lost no compensable time from his work. Claimant later went to work for Champlin Refining Company. In September, 1945, while working for Champlin, he received a broken finger. He went to Dr. Fleetwood for treatment of the finger, and while in the office he had the doctor examine his knee. Claimant testified that Dr. Fleetwood gave him an elastic support for his knee and suggested that he wear it. Dr. Fleetwood was of the opinion that he did not furnish the support, although he was not positive on this point. On April 1, 1946, Holding filed his claim for compensation for the injury of December 24, 1944, with the Industrial Commission. Petitioner filed an answer alleging that the claim was barred by the one year statute of limitations. Stanley Haggard, witness for claimant, testified that he went with Holding to see Dr. Fleetwood in August or September, 1945, to have a broken finger dressed. He was asked, "Did the doctor examine his knee at that time?" and answered, "Yes, he looked at it and he told him to wear some kind of elastic band or something and told him to put some linament or something on it. I don't remember exactly what he did say about it." Claimant testified that he suffered a broken finger while working for Champlin; that he went to see Dr. Fleetwood to have the finger dressed in August or September, 1945; and while in the doctor's office, the doctor examined his knee and "He told me not to work on it any more than I had to

and to wear that band the most I could and keep linament on it and put hot towels on it at night." Dr. Fleetwood testified that he treated claimant for the knee injury in December, 1944, and January, 1945, and the last time he treated him for the knee injury was on February 3, 1945; that the claimant came to him on September 4, 1945, for a finger injury; that the condition of the knee was discussed and he suggested the wearing of an elastic support; that he did not see the claimant professionally for the knee after February, 1945; and that he made no reports to the employer or insurance company; nor did he charge them for any service after the last treatment given in February, 1945.

Limitation is the only question involved in this appeal. 85 O.S. 1941 §43 provides:

"The right to claim compensation under this Act shall be forever barred unless within one year after the injury a claim for compensation thereunder shall be filed with the commission. Provided, however, claims may be filed at any time within one year from the date of last payment of any compensation or remuneration paid in lieu of compensation."

In Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okla. 213, 23 P. 2d 381, and International Supply Co. et al. v. Morrell, 187 Okla. 346, 102 P. 2d 846, we recognized the following exception to the one year statute:

"The right to claim compensation within the one year limitation, provided by section 7301, C.O.S. 1921 is tolled during the time when an employer **voluntarily furnishes** such employee **medical attention** to which he is entitled under the Workmen's Compensation Law." (Emphasis ours.)

The instant case does not come within that exception. If the treatment of claimant had been continuous from the time he was sent by his employer to Dr. Fleetwood, an entirely different question would be presented. In Roe v. Jones & Spicer, Inc., 196 Okla. 582, 167 P. 2d 70, we said:

". . . The payment of compensation or the furnishing of protracted medical attention are a conscious recognition of liability by the employer that tolls the filing period. . . ."

In the case at bar there was no showing of a recognition of liability by the employer. The claimant had been discharged from further treatment on February 3, 1945. From that date forward, so far as the company knew, the claimant had fully recovered. Regarding the filing of the claim, we said in the Jones Spicer Case:

". . . The purpose of notice of injury and claim for the benefits of the Act and the limitation on the time within which such notice and claim shall be given is to enable the employer to make inquiry, and to furnish what is required by law and also to protect its interests. . . ."

There is no evidence in the record to the effect that Dr. Fleetwood had a continuing agency so that he could bind the employer in waiving the statute of limitations by treating claimant seven months after he had been discharged from further treatment, and the evidence is insufficient to establish that Dr. Fleetwood treated claimant professionally for the knee injury in September, 1945, as an agent of petitioner. The fact that claimant, while working for another employer, received an injury and was sent to the same doctor who had treated him for the prior injury seven months before, and that he discussed the prior injury with the doctor in a general way, does not in our opinion amount to the voluntary furnishing of medical attention by the employer so as to bring claimant within the rule announced in the Oklahoma Furniture Manufacturing Co. Case.

The order of the Industrial Commission is therefore vacated.

HURST, C.J., DAVISON, V.C.J., and CORN and GIBSON, JJ., concur. RILEY, J., dissents.