Wayne BARROS, Petitioner,

v.

H. V. MIDDLETON, Inc., Tri-State Insurance Company and the State Industrial Commission, Respondents.

No. 36993.

Supreme Court of Oklahoma.

May 22, 1956.

James W. Bill Berry, Ryland F. Keys, Oklahoma City, for. petitioner.

Looney, Watts, Looney, Welch, Hamill & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

On the 17th day of February, 1955, Wayne Barros, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on March 15, 1953, while employed by H. V. Middleton, Inc., employer, he sustained an accidental injury arising out of and in the course of his employment when he hurt his back, left hip and sustained other injuries. On June 28, 1955, the State Industrial Commission denied an award on the sole ground that the claim was not filed within the statutory period. 85 O.S.1951 § 43.

The record discloses without substantial dispute that claimant was injured when struck by a pipe while at a well location of the employer. He was immediately hospitalized and treated by Dr. L and dismissed from the hospital April 11, 1953. He was sent by Dr. L to, and examined by, Dr. H, a nerve specialist, on April 23, 1953. Dr. L stated that after the report of Dr. H claimant was dismissed for duty April 30, 1953. He telephoned Dr. L in February 1955, and was again sent to Dr. H who examined claimant about February 23, 1955.

Claimant argues that this is medical treatment furnished by the employer and thus constitutes payment in lieu of compensation within the meaning of 85 O.S. 1951 § 43, and cites in support of this argument Wilcox Oil Co. v. Fuqua, 203 Okl. 391, 224 P.2d 255, wherein this court held certain trips to the doctor were authorized by the employer.

There is no evidence that any doctor was authorized or directed by the employer to furnish any medical treatment or examination of claimant after June 20, 1953. Dr. L stated claimant was placed in the hospital August 1954, following which he was treated for skin trouble. The last bill paid by the insurer to Dr. L was June 20, 1953. The next bill paid to Dr. L according to his testimony was on November 15, 1954, and was received from an independent sick benefit company, and on December 21, 1954, he was paid $114.50 by the claimant. Dr. L did not state that either of these two latter payments were for treatments connected with the prior injury.

The finding of the State Industrial Commission that the claimant was barred by section 43, supra, is sustained by substantial evidence. In Denver Producing & Refining Co. v. Holding, 199 Okl. 418, 186 P.2d 815, it is stated:

"In order to toll the statute of limitations (under 85 O.S.1941 § 43) by the employer furnishing medical attention, it must be established that such medical attention was voluntarily furnished."

In the body of the opinion it is stated:

"The instant case does not come within that exception. If the treatment of claimant had been continuous from the time he was sent by his employer to Dr. Fleetwood, an entirely different question would be presented. In Roe v. Jones & Spicer, Inc., 196 Okl. 582, 167 P.2d 70, we said:

"'* * * the payment of compensation or the furnishing of protracted medical attention are a conscious recognition of liability by the employer that tolls the filing period. * * *'"

In Vaughan v. Shell Pipe Line Corp., 204 Okl. 175, 228 P.2d 180, the syllabus is as follows:

"Where the employer sent the employee to a physician to determine the extent of his disability more than five years after an accidental injury and such employee during all this period of time continued his employment with-

out loss of time and made no claim for compensation or request for medical treatment prior to a few days before he was sent to the physician, held the claim filed within one year after the time he was sent to the physician was barred by 85 O.S.1941 § 43."

There was no error in finding the claim barred by section 43, supra.

The order denying the award is sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, JACKSON and HUNT, JJ., concur.

BLACKBIRD, J., dissents.