George E. SWAFFORD, Petitioner,

v.

Roy SCHOEB and Bob Schoeb d/b/a Schoeb Ranch Mills, Respondent,

The Travelers Insurance Company, Insurance Carrier.

No. 39281.

Supreme Court of Oklahoma.

Feb. 14, 1961.

Harry Dreyer, J. R. Keahey, Oklahoma City, for petitioner.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, Mac Q. Williamson, for respondent.

BLACKBIRD, Vice Chief Justice.

Based on its finding that claimant's right to compensation was barred by statutory limitation, the State Industrial Court en banc vacated, on appeal, the award made in his favor by the trial judge, and denied the claim. The order so entered is challenged on review as contrary to law and unsupported by the evidence.

Claimant sought compensation for disability resulting from an injury to his left knee cap. The accident occurred on November 21, 1950—the claim was filed in the State Industrial Court on April 14, 1960. Shortly after his injury claimant was attended by Dr. H, who saw him on three office visits. The knee was bandaged and placed in a brace. Some time later, x-rays were taken by another physician, Dr. C. All the treatment as outlined was rendered before the close of 1950, with the consent, and at the expense, of the insurance carrier. There is no evidence of any medical services subsequently furnished to claimant at the direction of, or authorized by, the employer. Nor is there any showing whatever of payments made to him in lieu of compensation, at any time after the injury.

For vacation, it is urged, among others, that the statutory limitation period became arrested, and remained suspended, by the failure of attending physicians, Drs. H & C, to release claimant from their care. The application for compensation, signed by claimant and filed in the State Industrial Court, recites that he was discharged on November 24, 1950. The evidence shows, without contradiction, that he returned to work on that day and continued in the same employment until February 4, 1957. The physicians' reports do not state whether he actually completed the prescribed course of necessary treatment for the injury, nor do they indicate that additional medical care, beyond that given, should have been rendered. Even if we considered the record sufficient to establish an absence of a formal release from the physicians or a premature termination of treatment, such fact, standing alone, would not operate to extend the time within which the right to compensation may be asserted, since the undisputed evidence discloses that

no authorized medical care of any nature was furnished to claimant after the close of 1950—during nearly ten years next preceding the filing of his claim. In order to toll the limitation statute there must be proof of actual medical care voluntarily provided by employer for the workman over a period commencing less than a year after his injury and extending, in continuity, uninterrupted by an interval of more than one year between visits to, and treatment by, an authorized physician, to some point of time within one year next preceding the filing of a claim for compensation. The mere existence of need for, or right to, medical treatment does not, in the absence of a waiver by the employer, prevent the statute of limitation from running. Anchor Plumbing Co. v. Linam, Okl., 325 P.2d 962; National Zinc Co. v. Groszek, Okl., 350 P.2d 961; Bacon v. State Industrial Court, Okl., 352 P.2d 924; compare Indian Drilling Mud Co. v. McGrew, Okl., 311 P.2d 247.

Claimant seems to rely on Wilcox Oil Co. v. Fuqua, 203 Okl. 391, 224 P.2d 255, and Lee Way Motor Freight v. Pritchard, Okl., 301 P.2d 196. These cases are inapposite. In the former, we held that medical examination, when conducted by the authorized attending physician for the purpose of ascertaining whether treatment (unbroken by an interval of more than one year) should be extended, tolled the statute. As shown by the Opinion in the latter case, the workman's claim involved therein was filed within one year from the date he last received continuous medical attention, and hence we held that it was timely instituted.

In the present case, the record discloses that, at the request of the trial judge, the employer procured a medical examination of claimant. This was done during the pendency of the proceedings for the purpose of securing expert proof as to the nature and extent of his disability. So far as we are able to discern from the brief, the arrangement of this appointment with the doctor is urged as being tantamount to furnishing medical care which, claimant argues, constitutes, as a matter of law, an act of waiving or tolling the statutory bar of limitation. In this view we cannot join.

██ Under the provisions of 85 O.S. 1953 Supp. § 43, the right to institute a claim is forever barred and may not be revived after one year has elapsed since employer paid compensation (or remuneration in lieu thereof) to an injured workman or furnished him medical attention for the alleged injury, unless the limitation period has been waived or tolled by conduct of employer or someone in this behalf. When a proceeding is filed after limitation period has expired, a medical examination of the workman, procured at employer's instance, to obtain evidence for use at the trial, does not revive the right to prosecute a claim, nor constitute an act of tolling or waiving the statutory bar of time. Dye v. Ed Johnston Grain Co., Okl., 319 P.2d 1004. See also Bacon v. State Industrial Court, supra; National Zinc Co. v. Groszek, supra; Barros v. H. V. Middleton, Inc., Okl., 297 P.2d 920; Vaughan v. Shell Pipe Line Corp., 204 Okl. 175, 228 P.2d 180.

██ Equally untenable is the contention that the statute of limitation did not attach to the claim until Claimant's permanent disability became apparent. In this connection reliance appears to be placed upon claimant's testimony that not until a year before the trial (on May 2, 1960) did he learn that his condition "was not going to heal itself up." The statute of limitation, claimant urges, does not begin to run against the right to prosecute a proceeding for compensation, until the disability arising from an accidental injury has made itself manifest. Cited in support of this argument are: Swift & Co. v. State Industrial Comm., 161 Okl. 132, 17 P.2d 435; Bartlett-Collins Co. v. Roach, 180 Okl. 521, 71 P.2d 489. This may no longer be regarded as the correct exposition of our law. See York v. State Industrial Comm., 201 Okl. 636, 208 P.2d 563; Cooper v. Oklahoma Hotel Bldg. Co., 205 Okl. 337, 237 P.2d 875. Caouette v. American Airlines, Inc., Okl., 276 P.2d 753; Evans v. Tulsa City Lines, Inc., Okl., 290 P.2d 126.

An injured workman who sustains a compensable injury of which he has, or should have had, knowledge, may not await the expiration of limitation period to assert his right to compensation. Tulsa Hotel v. Sparks, 200 Okl. 636, 198 P.2d 652; Determan v. Wilson & Co., Okl., 304 P.2d 1060.

The record in the instant cause, when viewed in its entirety, clearly refutes the assertion that the disability, for which compensation is sought, failed to disclose its presence until May of 1959. The evidence is replete with testimony that claimant was constantly bothered by pain, the knee "was getting sorer all the time", and he kept "doctoring it all along" but managed to "hobble around".

■ Neither do we find merit in the argument that employer's failure to file in the State Industrial Court a report of accidental injury constituted a waiver of the defense of limitation. This court has, on many occasions, held contrary to the contention made. See Evans v. Tulsa City Lines, Inc., supra, and cases cited therein.

Claimant further urges that the long delay in instituting the proceeding for compensation is excused by employer's and insurance carrier's course of conduct designed to mislead him, lull him into a false sense of security, and thereby prevent timely filing of his claim. These acts, it is submitted, consisted of: (a) fraudulent assurances that claimant's application for compensation was filed by the employer; (b) representations that he would receive further treatment whenever his condition should undergo a turn for the worse.

According to claimant's testimony, he "left it up to Bob" (employer's partner) to file his claim; he "was under the impression" and "thought" that when he had signed a "white slip", it was to be "turned in" by Bob who told him "we will take care of it". There is no showing of any misrepresentation made by anyone to either induce and further claimant's belief in this respect, or to conceal from him the true facts in order to prevent a timely inquiry in the matter. Between 1950 and 1957, claimant related, he called "at least five or six times" on the local agent for the insurance carrier; "along about a year or two" after the injury, the agent told him he would "send the adjustor out and I just let it ride"; on one occasion "about two, three, four or five years ago", claimant continued, the agent promised "to reopen the case", if the condition of the knee became aggravated. The agent stated that claimant had asked for an operation, but never did present a medical report to show its necessity. He denied making any promises to claimant.

Although early in 1953, claimant, by his own admission, learned from the agent that his claim could not be settled because it was "queered", he nevertheless continued to "just take it for granted they would do something", and kept seeking an interview with an adjustor for the carrier. Following his return from Idaho in July of 1957, claimant consulted legal counsel, but the lawyer "just dropped it and never said any more."

■ The record, viewed in its entirety, impels our conclusion that claimant's failure to timely institute a proceeding for compensation was due to his own continuous neglect and want of diligence, rather than to reliance on any fraudulent act or conduct of the employer.

■ Finally, claimant complains that the State Industrial Court en banc erred in deciding the appeal, before having an opportunity to review the transcript of evidence taken before the trial judge, and in unduly limiting the time allowed counsel for his argument. No exceptions were taken to the proceedings before the tribunal below, and the record does not disclose any violation or evasion of proper procedure. In the absence of such showing, the Supreme Court will not consider whether the State Industrial Court abused its discretion or deprived a party of a fair opportunity to be heard. Liberty Glass Co. v. Guinn, Okl., 265 P.2d 493; Blair v. Federal Insulation Co., Okl., 277 P.2d 687; Peden v.

American Iron & Machine Co., Okl., 293 P.2d 585; Farmers Coop. Ass'n v. Madden, Okl., 356 P.2d 741.

The order of the State Industrial Court rests on ample evidence and is not contrary to applicable law. Order sustained.

WILLIAMS, C. J., and DAVISON, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.