HOBART SALES AND SERVICE and the Travelers Insurance Company, Petitioners,

v.

Lloyd Ray HARMON and the State Industrial Court, Respondents.

No. 39682.

Supreme Court of Oklahoma.

March 6, 1962.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

Cargill, Cargill & Chiaf, Oklahoma City, for respondents.

BLACKBIRD, Vice Chief Justice.

Under review in this proceeding is the trial tribunal's determination that claimant's right to compensation was not barred by the limitation provisions of Tit. 85 O.S.1961 § 43.

The accidental injury for which an award was sought occurred on May 29, 1958. The claim was filed on January 4, 1960. Pursuant to specific direction of his employer, claimant reported on June 1, 1958, to an orthopedic clinic where he was placed under the care of Drs. S and B. When the condition became unresponsive to conservative treatment, surgery was performed on June 7, 1958. A "completely ruptured" intervertebral disc at the 4th lumbar interspace on the right and a midline intervertebral disc at the 5th lumbar interspace were removed. This procedure was followed by a lumbo-sacral fusion which was carried out "by the circular facet block method". Released as a bed patient on June 17, 1958, he was wearing a plaster body cast until July 29, when a brace was fitted. He continued with this appliance and remained under post-operative care, reporting to the clinic for periodical examination at intervals varying from two to three months. When dismissed from active treatment on December 18, 1958, he was advised by Dr. S to return "again in about six months for one year check-up following surgery". Upon resumption of regular duties with the employer, claimant continued to suffer intermittent discomfort and pain whenever he was called upon to do heavy lifting. On July 20, 1959, claimant experienced "the most severe recurrence" of acute pain. He reported to Dr. B on the following day. His condition was described as a "simple strain"

to the low back. Dr. B administered some conservative treatment and took X-ray views of the lumbosacral spine. He advised claimant to "return only if he has further difficulty."

The insurance carrier paid the medical charges attributable to the last examination on July 21, 1959, but declined to honor other expenses incident to prior surgery and treatment.

It is asserted that there was error in finding the limitation period tolled by the last medical examination on July 21, 1959, which occurred within one year next preceding the filing of the present claim. We are urged to hold that on the occasion in question claimant was examined and treated for "a new, separate and independent" injury sustained by him on July 20, 1959. Hence, the argument continues, claimant did not receive any treatment for the injury of May 29, 1958, after December 18, 1958, and since his claim of January 4, 1960, was filed more than one year from the date upon which medical care was last furnished, it is barred by the provisions of Tit. 85 O.S.1961 § 43. Cited in support of this contention are: Skaggs v. Noble Drilling Co., Okl., 283 P.2d 794; Barros v. H. V. Middleton, Inc., Okl., 297 P.2d 920, and Cupit v. Dancu Chemical Co., Okl., 316 P.2d 593. The cases relied on by the employer present dissimilar factual situations and are therefore inapplicable to the case at bar.

When released for work by Dr. S on December 18, 1958, claimant received a supply of medicine for pain relief sufficient to last over a period of six months or until his next scheduled office call, and was specifically directed by the physician to present himself for a check-up one year "following surgery" or "in about six months" from the date of his dismissal from active treatment. Therefore, even if we assumed that claimant did sustain a "new and independent" injury on July 20, 1959 (which is seriously contradicted), the evidence as outlined nonetheless amply shows that the office call to Dr. B on July 21, 1959, was made pursuant to the physician's direction, and was, in fact, but the last link in the chain of medical care furnished by the employer for the accidental injury of May 29, 1958.

An examination of claimant, when directed and conducted by an authorized physician for the purpose of either extending additional treatment or ascertaining, as a part of his follow-up care, whether further medical attention is required, operates to toll the statutory limitation with the same force and effect as does actual treatment. Wilcox Oil Co. v. Fuqua, 203 Okl. 391, 224 P.2d 255; Bethlehem Supply Co. v. Ambrister, Okl., 316 P.2d 588; Oklahoma City v. Hardy, Okl., 332 P.2d 13.

There is another aspect of this cause which merits mention and impels us to sustain the trial tribunal's finding. Employer's manager, who gave testimony as a witness for the claimant, related, without equivocation, that he had personally urged, directed, and authorized claimant to return to Dr. S for a check-up on July 21, 1959. Claimant's intermittent complaints of pain and discomfort, the manager stated, caused him to feel that further medical attention might be necessary. This undisputed conduct on the part of the employer in insisting upon protracted and continuous post-surgery care clearly manifests a conscious recognition of liability within the rule announced by this court in California Co. v. State Industrial Court, Okl., 350 P.2d 957, 959, and Indian Drilling Mud Co. v. McGrew, Okl., 311 P.2d 247, 249. In the last cited case we held that the limitation provisions of sec. 43, supra, may be waived by the conduct or actions of employer (or insurance carrier) who evinces a "conscious recognition of liability" for the injury sustained by the workman.

Upon review of the record, we hold that the statutory limitation period was tolled by voluntary rendition of medical treatment which extended from the time of accidental injury, in continuity unbroken by an interval of more than one year, up to a point of time within one year next preceding the filing of the claim. See Bethlehem Supply Co. v. Ambrister, supra; Indian Drilling Mud Co.

v. McGrew, supra; Swafford v. Schoeb, Okl., 359 P.2d 584, 586.

The award, not being otherwise challenged, is accordingly sustained.

WILLIAMS, C. J., and DAVISON, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.