SOONER ROCK AND SAND COMPANY and Houston Fire and Casualty Insurance Company, Petitioners,

v.

Woodrow C. DONAHO and The State Industrial Court, Respondents.

No. 41847.

Supreme Court of Oklahoma.

Dec. 27, 1966.

A. R. Daugherty, Oklahoma City, for petitioners.

Wheeler, Parsons & Wheeler, Oklahoma City, Charles Nesbitt, Atty. Gen., for respondents.

WILLIAMS, Justice.

An award by the State Industrial Court made to claimant Woodrow C. Donaho is here appealed from the State Industrial Court en banc by the employer, Sooner Rock and Sand Company, and its insurer, Houston Fire and Casualty Insurance Company. The parties will be referred to herein as they appeared before the State Industrial Court, claimant and respondents.

The claimant Woodrow C. Donaho filed his claim for compensation under the Workmen's Compensation Law on January 18, 1965, alleging an accidental personal injury sustained on January 31, 1963, arising out of and in the course of his hazardous employment with the respondent Sooner Rock and Sand Company. The respondent feeling aggrieved by the award of the State Industrial Court en banc has appealed to this Court alleging error in the trial court in making an award based on a claim assertedly barred by the provisions of 85 O.S.1961, § 43, which fixes limitation of actions in workmens compensation cases.

This Court has long been committed to the rule that the furnishing of medical treatment by or on behalf of an employer will toll the statute of limitation under the Workmen's Compensation Law. Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okl. 213, 23 P.2d 381; International Supply Co. v. Morrell, 187 Okl. 346, 102 P.2d 846. The claimant was first given medical care for an injury by the employer beginning March 19, 1963, when his treatment was commenced by Dr. E. Thereafter the claimant was referred by Dr. E to Dr. P who continued to treat claimant subsequent to April 3, 1963. On December 26, 1963

Dr. P determined the need for surgery on the claimant and scheduled the operation for a spinal fusion to be performed January 27, 1964. On January 23, 1964, after examination and advice from Dr. F who examined claimant on behalf of respondents and recommended further treatment, claimant went to the office of Dr. P and advised Dr. P that he did not choose to be operated. There is no record that claimant was ever discharged by Dr. P. The claimant was under the professional care of Dr. P, the physician of the employer and carrier, continuously from December 26, 1963, to, at the earliest, January 23, 1964. The claim of claimant was filed January 18, 1965, within one year of the last medical treatment furnished by the respondent and thus was not barred by limitations. The protracted furnishing of medical attention is a conscious recognition by the employer which tolls the filing period under 85 O.S.1961, § 43. Shank v. Oklahoma Office and Bank Supply Co. (Okl.), 387 P.2d 626.

The award of the State Industrial Court is sustained.