**CINDERELLA MOTOR HOTEL, INC., and Mid-Continent Casualty Company, Petitioners,**

v.

**Dorothy M. WALLACE and State Industrial Court of the State of Oklahoma, Respondents.**

No. 45154.

Supreme Court of Oklahoma.

Feb. 6, 1973.

O'Toole, Lee & King, Oklahoma City, for petitioners.

J. Clark Russell, Oklahoma City, for respondents.

IRWIN, Justice:

Presented for review is an order of the State Industrial Court awarding compensation benefits to claimant, Dorothy M. Wallace.

On October 5, 1968, claimant sustained a heart disability during the course of her employment and she filed her claim for compensation benefits on July 27, 1970.

Petitioners denied liability on the grounds that claimant (1) did not sustain an accidental injury arising out of and in the course of her employment, (2) failed to give the statutory thirty (30) day notice prescribed by 85 O.S.1971, § 24, and their rights were prejudiced thereby, and (3) failed to file her claim within one year from the date of said alleged injury and her claim for compensation was barred by the one year limitations prescribed by 85 O.S.1971, § 43.

The State Industrial Court found that claimant's employer (Cinderella Motor Hotel) had actual knowledge of her "condition and was not prejudiced by her lack of written notice and that she had been receiving medical treatment that would toll the statute of limitations".

We will first consider whether claimant's claim for compensation was barred by the one year statute of limitations. Claimant contends her claim was not barred because her employer furnished her medical treatment from the date of her injury until after her claim for compensation was filed. She also contends that she was ignorant of the compensable nature of her injury and the compensable nature of the accident; and since she had no knowledge that she was entitled to compensation benefits, the one year period for filing her claim did not commence to run until she acquired such knowledge.

The record discloses that claimant was a kitchen helper and sustained a heart disability during her employment on October 5, 1968. Claimant testified that the assistant manager (Mr. Van Horn) knew she was sick and he suggested taking her "to

the medical center, because Doctor G is the doctor there, and he is a good doctor and he recommended him"; Van Horn took her to the hospital; Dr. G was not called and the doctor on duty examined her; and this doctor placed her in the hospital and she was there 25 days. Claimant said that "after I was there for a few days, I asked for Dr. G, I knew he was a good doctor, and I just preferred him, to have him."

Claimant further testified that Mr. Van Horn and the manager of her employer (Cinderella Motor Hotel) visited her every day; that the manager knew Dr. G was treating her and was there when Dr. G told her she had had a heart attack; and that he did not offer to provide her with any other doctor for treatment and did not object to Dr. G treating her.

On cross-examination claimant testified that she had seen Dr. G about 2 weeks before her disability on October 5, 1968, because her heart had been beating fast; that she never did report to her employer that her heart condition was connected with her employment; that Dr. G sent her doctor bills and she paid them and the hospital bills; that she didn't make any demands upon anyone to pay her medical bills because "I didn't know I was entitled to it"; and that she didn't know she was entitled to compensation benefits until July, 1970.

This Court has long been committed to the rule that the furnishing of medical treatment by, or on behalf of, an employer will toll the one year statute of limitations under the Workmen's Compensation Law. Sooner Rock and Sand Company v. Donaho, Okl., 421 P.2d 844. However, in order to toll the limitations statute there must be proof of actual medical care voluntarily provided by employer and the existence of need for, a right to, medical treatment does not in the absence of waiver by the employer prevent the statute of limitations from running. Swafford v. Schoeb, Okl., 359 P.2d 584. See also Denver Producing & Refining Co. v. Holding, 199 Okl. 418, 186 P.2d 815.

There is no evidence in the record that claimant's employer ever furnished any medical treatment for claimant; paid any of her medical bills; or was ever called upon by claimant or anyone else to furnish her medical treatment or to pay her medical bills. There is no evidence that would tend to establish any waiver on the part of petitioners.

■ Medical treatment voluntarily paid for by an employee, does not constitute medical treatment furnished by employer which would prevent the statute of limitations from running, in the absence of waiver by employer. We hold that the award of the State Industrial Court may not be sustained on the grounds that claimant's employer furnished her medical treatment and the statute of limitations did not run.

Does the fact that claimant did not know she was entitled to workmen's compensation benefits prevent the statute of limitations from running?

85 O.S.1971, § 106, provides:

"No limitation of time provided in this act shall run as against any person who is mentally incompetent or a minor dependent so long as he has no committee, guardian or next friend."

■ Claimant does not fall within the purview of the above statute. This Court may not construe said statute to include those persons who had knowledge they sustained an accidental injury but had no knowledge that such injury was compensable unless they come within the purview of the statute. We therefore hold that claimant's lack of knowledge that she had a compensable injury under the Workmen's Compensation Law does not prevent the statute of limitations from running.

Since we have found that claimant's claim for compensation was barred by the statute of limitations, it is not necessary to consider petitioners' other contentions.

Award vacated.

All the Justices concur.