SOONER PETROLEUM COMPANY and Mid–Continent Casualty Company, Petitioners,

v.

Willie G. CARTER and the State Industrial Court, Respondents.

No. 46152.

Supreme Court of Oklahoma.

July 10, 1973.

Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

Schwoerke & Schwoerke, Oklahoma City, for respondents.

BARNES, Justice:

Petitioners seek review of a trial judge's order, affirmed by the State Industrial Court en banc, awarding claimant compensation (5%) for permanent partial dis-ability to the right knee, resulting from accidental injury in a covered employment.

At the trial before the State Industrial Court, it was stipulated that claimant's alleged injury occurred March 23, 1971. His Form 3 was not filed with that Court until July 3, 1972.

The sole issue before this Court is whether or not the claim was filed as required by Title 85 O.S.1961 and 1971, § 43, which reads in part as follows:

"The right to claim compensation under this Act shall be forever barred unless within one (1) year after the injury or death, a claim for compensation thereunder shall be filed with the Commission. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation. * * *"

This Court has long held that for the purpose of the above-quoted proviso, "there is no legal distinction" between an employer's voluntary furnishing his employee medical treatment to which he is entitled under the Workmen's Compensation Law, and its payment to him of the compensation to which he is entitled under said law. See Shank v. Oklahoma Office & Bank Supply Co., Okl., 387 P.2d 626, 629, citing Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okl. 213, 23 P.2d 381, and other cases. In Sooner Rock and Sand Co. v. Donaho, Okl., 421 P.2d 844, we held that said section's one-year limitation period is tolled "during the time when" such medical attention is furnished. In that case, we recognized that an employer's voluntary furnishing of such attention is "a conscious recognition" of its liability to the employee, fully as effective as its payment to him of compensation, to toll the running of the limitation period. In this connection, notice also the discussion in Denver Producing & Refining Co. v. Holding, 199 Okl. 418, 419, 186 P.2d 815, 816.

In the present case, Dr. B, the first physician to attend the claimant, reported

to his employer's insurance carrier under date of September 7, 1971, that previously, on April 27th of that year:

> "Patient was improved at that time and released to return to work. He was advised to return for follow-up in six weeks. However, he has not returned for further treatment."

At the trial, claimant did not deny that he returned to work on April 27, 1971, and did not go back to Dr. B's office after that date, except "to find out", at his attorney's request, "the exact date" Dr. B had released him for work. To corroborate his testimony as to this release date, claimant introduced in evidence the following statement over Dr. B's signature on a small prescription blank dated "8/28/72":

> "Mr. Willie Carter was released for full time work on July 8, '71."

We have held that an employee's medical examination, directed and conducted by a physician as the authorized agent of the employer, tolls the one-year limitation period as effectively as the physician's medical treatment of the employee (Hobart Sales and Service v. Harmon, Okl., 369 P.2d 628), but we have also held that, after said one-year period has elapsed, a medical examination of the employee authorized by his employer *to obtain evidence for use at the trial of the employee's (stale) claim,* will not revive the employee's right to prosecute it. See Swafford v. Schoeb, Okl., 359 P.2d 584. Therefore, the precise question in this case is: Whether or not a claim, like the present one, is barred by the running of the one-year limitation period, where, as here, it was not filed until July 3, 1972, a date considerably more than one year after the claimant's last visit to Dr. B's office for medical treatment and/or examination on April 27, 1971, in the absence of any contention that claimant received any authorized medical treatment or

examination within one year next preceding July 3, 1972? We think this question must be answered in the negative.

The "such circumstances" referred to in the statement claimant's counsel quotes from the body of our opinion in Wilcox Oil Co. v. Fuqua, 203 Okl. 391, 224 P.2d 255, 257, that ". . . the Statute is tolled *under such circumstances* until the doctor releases the injured employee" (emphasis added), were those in which medical examinations were actually made or medical attention given. No such necessary prerequisite to the tolling of the Statute is present here. And, even if this be ignored as insignificant, and the period that Dr. B was acting as the employer's authorized agent be extended until six weeks after April 27, 1971, on the theory that this doctor's services *were available* to claimant all during this six-week period, the one-year limitation period would have elapsed before July 3, 1972, the filing date of claimant's Form 3. In this case there is no conduct by claimant's employer, or its insurance carrier, or by Dr. B, shown to have been authorized by either of the latter, as an agent of the employer, that could be considered a voluntary or "conscious" recognition by the employer of any duty on its part to furnish medical attention to the claimant as late as July 3, 1971, on account of his injury on March 23, 1971.

We are therefore of the opinion that the present claim was barred by the running of the one-year limitation period prescribed by Section 43, supra. Accordingly, the State Industrial Court's award of disability compensation to the claimant is hereby vacated and this cause is remanded to said Court with directions to dismiss the subject claim.

WILLIAMS, V. C. J., and IRWIN, BERRY, HODGES, LAVENDER, SIMMS and DOOLIN, JJ., concur.