2003 OK 39

Lisa Renea THOMPSON, Petitioner,

v.

ANCHOR GLASS CONTAINER CORPO-RATION, Pacific Indemnity Company and the Workers' Compensation Court, Respondents.

No. 97,863.

Supreme Court of Oklahoma.

April 8, 2003.

Rehearing Denied June 23, 2003.

John L. Harlan, John L. Harlan & Associates, P.C., Sapulpa, OK, for Petitioner.

Malcolm D. Smith, Jr., Howard, Widdows & Bufogle, P.C., Tulsa, OK, for Respondents.[1]

OPALA, V.C.J.

¶1 The dispositive issue on certiorari is whether the Court of Civil Appeals erred in sustaining the trial judge's denial of a compensation claim by an opinion rested on the claim's *untimeliness* and on the Workers' Compensation Court's *want of cognizance to afford relief* from the statutory time bar by interposition of "equitable concepts." We answer in the affirmative.

**I**

**THE ANATOMY OF LITIGATION**

¶2 Lisa Thompson [claimant] testified that on 3 April 1999 she slipped at work on a

---

**1.** Identified herein are only those counsel for the parties whose names appear on the certiorari briefs in this court.

piece of glass and injured her back. She went to a local hospital emergency room the next day when she began to experience pain in her lower back. The medical staff took some x-rays, treated her back, gave her a prescription and released her from work for three days. On her return to the workplace she reported the injury to her foreman. She was then directed to Kathy Bennett's office to fill out an accident report. The employer, Anchor Glass Container Corporation, stipulated that if Bennett were called as a witness, she would testify that a supervisor told claimant her *accidental injury report* would not be accepted because she had not submitted it within eight hours of the accident. The union president also advised claimant that the report had to be turned in not later than eight hours after the injurious event.

¶ 3 Claimant testified that she *intended* the accident report to be her workers' compensation claim, but because of what the supervisor told her, she instead submitted the medical expenses to her health care insurer. She eventually underwent back surgery on 20 November 2001. A contract nurse for the employer testified that she provided to the claimant medication and a back brace. The nurse also helped her prepare a report that was submitted to the compensation carrier before the November 20 surgery. Claimant filed a compensation claim on 28 November 2001, more than two years and seven months after her 3 April 1999 injurious event. Employer's answer interposes two affirmative defenses—*statutory time bar and a pre-existing condition.*

¶ 4 The trial judge denied the claim, resting his decision on two grounds—(a) the claim was barred by the statute of limitations, 85 O.S.Supp.2001 § 43(A),[2] and (b) the

Workers' Compensation Court is without jurisdiction to entertain pleas based on "equitable remedies under theories of laches or estoppel" for relief from claimant's failure to file a claim within the time period prescribed by § 43(A). The Court of Civil Appeals [COCA] sustained the claim's denial, holding that the employer was not "equitably estopped" from asserting a time bar because of a statement made by claimant's supervisor about the timeliness of her accident report.[3] According to COCA, the Workers' Compensation Court is a "statutory tribunal of limited jurisdiction" and may not extend its cognizance to include "equitable estoppel."[4]

¶ 5 On certiorari granted upon the claimant's petition, we now vacate COCA's opinion as well as the trial judge's order and, for the reasons to be stated, remand the claim for further proceedings.

## II

## THE TRIAL JUDGE'S AUTHORITY TO ENTERTAIN CLAIMANT'S TOLLING QUEST

¶ 6 Claimant urges the trial tribunal has "equitable authority" to consider the doctrine of estoppel based on tolling to counter employer's limitations defense. She urges the employer's actions here clearly tolled the time bar.

¶ 7 Employer argues the trial tribunal was "without jurisdiction" to hear and entertain the claimant's *equitable estoppel* plea. According to employer, this court has rejected numerous attempts to engraft upon the § 43 time bar conceptual transplants *from the common law* as well as those *from district-*

---

2. The pertinent terms of 85 O.S.2001 § 43(A) are:

   A. *The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court.* Provided however, a claim may be filed within two (2) years of the *last payment of any compensation* or *remuneration* paid in lieu of compensation or *medical treatment* which was *authorized by the employer or the insurance carrier.* . . .

(emphasis added).

3. Today's pronouncement does not utilize any statements in employer's certiorari brief which are claimed to be inaccurate. We hence need not act on claimant's 4 March 2003 request for correction (or on employer's 2 April 2003 response to that request).

4. For this notion COCA quotes from *Gratzer v. Happy Foods,* 2001 OK CIV APP 44, ¶ 7, 24 P.3d 373, 374–75.

*court* litigation.[5] Employer claims COCA correctly announced the controlling principle: the trial tribunal has no authority to consider the employer "equitably estopped" to assert its limitations defense.[6]

### The Remedial Nature of the § 43 Time Bar

■ ¶ 8 This court has an unswerving commitment to the view that § 43 is a *remedial* rather than a jurisdictional *barrier*.[7] *Munsingwear, Inc. v. Tullis*[8] gave recognition to the law's ancient verity that *statutory time bars do not limit the trial tribunal's jurisdiction* of the claim *but rather defeat its authority* to make an award. An untimely claim is as much within the tribunal's cognizance as one that was brought earlier than the expiration of the temporal limit prescribed by law for its filing.

■ ¶ 9 Statute-of-limitations issues in compensation cases ordinarily tender mixed questions of law and fact.[9] By taking limitations out of the law's rubric of cases calling for *de novo* review,[10] *Tullis* transformed disputed facts regarding the time bar into a nonjurisdictional category to make them reviewable by the any-competent-evidence standard.[11] If rested on competent evidence, findings of *nonjurisdictional facts* tendered in a compensation proceeding are conclusive and binding on appellate courts.[12]

### The Trial Tribunal's Power to Entertain A Claimant's Tolling [13] Pleas For Relief From The Statutory Time Bar

■ ¶ 10 Because the § 43 time bar is nonjurisdictional, the limitation period can be tolled or waived.[14] *Both parties here have mistakenly transmogrified the claimant's tolling plea by giving it a verbal label associated with an extra-statutory concept of equity.* Although § 43 is a self-containing regime of limitations which cannot be extended

5. For this argument employer cites *Sneed v. McDonnell Douglas*, 1999 OK 84, ¶ 11, 991 P.2d 1001, 1005 n. 16 (*citing McDonald v. Time–DC, Inc.*, 1989 OK 76, ¶ 9, 773 P.2d 1252, 1256 n. 13) as well as three COCA opinions.

6. For this notion employer relies on *Gratzer, supra* note 4.

7. *Munsingwear, Inc. v. Tullis*, 1976 OK 187, ¶¶ 6–7, 557 P.2d 899, 901–02.

8. *Munsingwear, supra* note 7, at ¶¶ 6–7, at 901–02.

9. *Munsingwear, supra* note 7, at ¶ 8, at 902.

10. Jurisdictional issues are ordinarily reviewed *de novo*. *Mahan v. NTC of America*, 1992 OK 8, ¶ 5, 832 P.2d 805, 806 (a fact-based compensation court dispute over claimant's employment with the respondent tenders a jurisdictional issue for *de novo* review). Judicial scrutiny of jurisdictional facts must be afforded by plenary, independent and nondeferential re-examination. *Salve Regina College v. Russell*, 499 U.S. 225, 238, 111 S.Ct. 1217, 1224, 113 L.Ed.2d 190 (1991) (*de novo* appellate review is variously described as "plenary, independent and nondeferential re-examination"); *Mahan, supra, at* ¶ 2, at 808 (Opala, C.J., concurring). Jurisdictional facts are those determining the authority of the lower tribunal to act in a case. *Mayhue v. Mayhue*, 1985 OK 68, ¶ 10, 706 P.2d 890, 895; *Scoufos v. Fuller*, 1954 OK 363, ¶ 20, 280 P.2d 720, 723. Federal jurisprudence calls for mandatory *de novo* judicial review of all disputed jurisdictional fact issues tendered before an administrative agency. This norm was originally rooted in federal constitutional pronouncements. *Ohio Valley Water Co. v. Ben Avon Borough*, 253 U.S. 287, 288–91, 40 S.Ct. 527, 528–29, 64 L.Ed. 908 (1920); *Ng Fung Ho. v. White*, 259 U.S. 276, 284–85, 42 S.Ct. 492, 495, 66 L.Ed. 938 (1922); *Crowell v. Benson*, 285 U.S. 22, 56, 52 S.Ct. 285, 294, 76 L.Ed. 598 (1932). It has since been woven into our own fundamental-law fabric. *Black v. Ball Janitorial Service, Inc.*, 1986 OK 75, ¶ 8, 730 P.2d 510, 513 n. 9; *McKeever v. Egbert*, 1934 OK 763, ¶ 14, 40 P.2d 32, 35, 170 Okl. 259.

11. *Munsingwear, supra* note 7, at ¶ 8, at 902.

12. *PFL Life Ins. Co. v. Franklin*, 1998 OK 32 ¶ 29, 958 P.2d 156, 167–168; *Brown v. Burkett*, 1988 OK 49, ¶ 4, 755 P.2d 650, 651 n. 6 (citing *Parks v. Norman Municipal Hospital*, 1984 OK 53, ¶ 12, 684 P.2d 548, 552).

13. "Tolling" is a term of art which refers to the temporary suspension of statutory time bar for bringing a suit because of either some "disability" on the part of the plaintiff which prevents that person from commencing the action or some activity on the part of the defendant forestalling prosecution of the claim against the defendant. BLACK'S LAW DICTIONARY (5th ed.1979) at 1334 defines the word "toll" in the following manner: "To suspend or stop temporarily as the statute of limitations is tolled during the defendant's absence from the jurisdiction and during the plaintiff's minority."

14. *Munsingwear, supra* note 7, at ¶ 5, at 901.

to alien concepts of equity or common law,[15] *tolling has been recognized as a legitimate part of that statutory body of law.*[16] The doctrine of tolling by employer's action, whether by conscious recognition of its liability[17] or by some affirmative act of concealment or misrepresentation of liability,[18] does not inject an extra-statutory concept into the corpus of compensation law. Oklahoma's extant jurisprudence of long standing attests to this case-law development. *In short, the Workers' Compensation Court has never been deprived of power to entertain a claimant's tolling quest to avoid the impact of a statutory time bar for filing a claim.*

### III

### BOTH PARTIES ARE ENTITLED TO A FULL–SCALE POST–REMAND HEARING UPON DISPUTED FACTS ON CLAIMANT'S TOLLING PLEA

¶ 11 The trial judge misapprehended his function as that confined to (a) *determin*-

*ing* the trial tribunal's *jurisdiction* over a stale claim and (b) *ascertaining* the trial tribunal's *capacity to grant relief* from the statutory time bar by interposition of "equitable concepts." As is revealed by our analysis of the issues formed by the evidence adduced in the proceedings, the *primary issue tendered by the parties' proof to be resolved* below was that of making a finding on the fact-based dispute over the tolling of limitations.[19] *That issue remains undetermined.*

¶ 12 The trial judge's misapprehensions clearly limited his willingness to *hear the evidence* tendered in support of and against the time-bar's tolling and also to *consider argument* by counsel.[20] Employer's and insurer's joint brief presses for an opportunity to readdress the fact issues on remand if the trial tribunal's order were to be vacated. Evenhanded fairness, they urge, would dictate they should be afforded full and fair opportunity to present proof in support of their opposition to the claimant's tolling

15. *Sneed, supra* note 5, at ¶ 11, at 1005; *McDonald, supra* note 5, at ¶ 9, at 1255.

16. Tolling has been in the mainstream of workers' compensation jurisprudence since the 1930's. It has been allowed where the employer's actions evince a "conscious recognition of liability" for the injury sustained: (a) by the *provision of medical treatment—Smedley v. State Industrial Court*, 1977 OK 55, 562 P.2d 847; *Hobart Sales and Service v. Harmon*, 1962 OK 54, 369 P.2d 628; *Oklahoma City v. Hardy*, 1958 OK 264, 332 P.2d 13; *Bethlehem Supply Co. v. Armbrister*, 1957 OK 228, 316 P.2d 588; *Wilcox Oil Co. v. Fuqua*, 1950 OK 164, 224 P.2d 255, 203 Okl. 391; *Domestic Laundry & Dry Cleaning Co. v. Weston*, 1947 OK 384, 190 P.2d 460, 200 Okl. 13; *Oklahoma Furniture Mfg. Co. v. Nolen Munsingwear*, 1933 OK 305, 23 P.2d 381, 164 Okl. 213; *Atlas Coal Co. v. Corrigan*, 1931 OK 31, 296 P. 963, 148 Okl. 36; (b) by *payment for medical treatment—California Co. v. State Industrial Court*, 1960 OK 80, 350 P.2d 957; *Continental Oil Co. v. Wilkerson*, 1933 OK 356, 22 P.2d 1004, 164 Okl. 62; and (c) by *other acts in conscious recognition of liability—Indian Drilling Mud Co. v. McGrew*, 1957 OK 115, 311 P.2d 247.

17. *See* cases cited in *supra* note 16.

18. In *McClenahan v. Oklahoma Ry. Co.*, 1928 OK 197, ¶ 0, syl. 2, 267 P. 657, 131 Okl. 73, the court states:

The mere failure of an employer to disclose that a cause of action exists in favor of an employee is not sufficient to prevent the running of the statute of limitations. There must be something more, *some actual artifice to prevent knowledge of the facts;* some *affirmative act of concealment* or *some misrepresentation to exclude suspicion and prevent inquiry.* (emphasis added).

19. Claimant bases her tolling plea on employer's false representations about her right to submit a compensation claim. According to claimant, it was her intent that the *accident report* be filed as her compensation claim. Because a supervisor refused to let her fill out the accident form based on company policy that required the report to be submitted within eight hours of the accident, she did not pursue a compensation claim, but instead presented the medical bills to her health care provider. It was not until back surgery became necessary that she brought the compensation claim now in contest.

20. The trial judge refused the tender of claimant's and respondent's medical reports. According to his remarks from the bench, the reports were not necessary because the only issues before the court were *whether* (a) the time bar had run, (b) claimant sat on her rights (by apparently failing to submit a timely claim) and (c) the trial tribunal had the authority to entertain an extra-statutory concept of equity. Trial transcript, p. 31.

plea [21] which is rested on the employer's acts that are said to have misrepresented her rights and implicitly lulled her into a false sense of security.[22]

¶ 13 We accordingly hold that the claimant is *entitled* (a) to the trial judge's finding of fact and conclusion of law dispositive of her tolling plea and the employer (b) to an opportunity to re-elicit its proof against claimant's efforts to toll the statute.[23]

## IV

### SUMMARY

¶ 14 *Statutory time bars do not limit the trial tribunal's jurisdiction but merely defeat its authority to make an award.* The compensation court clearly has subject-matter cognizance of untimely claims. The doctrine of tolling the § 43(A) time bar by employer's conduct is an integral part of Oklahoma's compensation law. The trial judge had authority to determine whether employer's actions in contest operated to toll the § 43(A) time limit. The basic fairness of conducted evidentiary proceedings and of the resulting claim's denial were adversely affected by the trial judge's erroneous perception of the controlling principles of law. *A full-scale opportunity to press the claimant's tolling plea and to offer the employer's proof in opposition to that quest is the parties' constitutional due.*

¶ 15 On certiorari granted upon the claimant's petition, the Court of Civil Appeals' opinion and the trial judge's order are vacated; the claim is remanded for further proceedings to be conducted in a manner consistent with today's pronouncement.

21. Employer argues that if the claim is remanded for consideration of the tolling dispute, it should be afforded an opportunity to *locate* the supervisor (who is no longer employed at the plant) and to *ascertain* the precise wording of his statements to claimant, his intention at the time they were made as well as his perception of claimant's understanding of what he said and lastly, if appropriate and feasible, offer his testimony at a postremand hearing.

22. *McClenahan, supra* note 18, at ¶ 0, syl. 2, at 657.

¶ 16 WATT, C.J., and HODGES, LAVENDER, KAUGER, SUMMERS and BOUDREAU, JJ., concur.

¶ 17 HARGRAVE and WINCHESTER, JJ., dissent.

23. After a compensation order is vacated and the cause remanded, the claim stands before the trial tribunal as though it had never been adjudicated before, except, of course, for those legal questions that came to be settled by the appellate pronouncement. *George E. Failing Co. v. Watkins*, 2000 OK 76, ¶ 12, 14 P.3d 52, 57; *Adams v. City of Anadarko*, 1949 OK 52, ¶ 4, 210 P.2d 151, 152. *See in this connection Seymour v. Swart*, 1985 OK 9, ¶ 8, 695 P.2d 509, 513.